EDWARD D. FARRELL, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Appellants.

*Easements taken by an elevated railroad — rental damages — damages to the freehold.*

The allowance of rental damages because of the construction of an elevated railroad depends very largely upon the use to which the premises may be put for the time being.

In an action brought against an elevated railroad company to recover damages caused by the construction and maintenance of its road in front of the plaintiff's property, the fact that no rental damages are awarded does not prevent the recovery of damages for injury to the freehold.

APPEAL by the defendants, The Manhattan Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of November, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

This was an action brought to recover fee and rental damages sustained by the construction and maintenance of an elevated railroad in front of the plaintiff's premises.

*E. A. Tuttle*, for the appellants.

*E. M. Felt*, for the respondent.

PER CURIAM:

We do not think that the evidence in this case furnished any foundation for an award of rental damage. The fee value of the premises, however, seems to have been seriously affected by the existence of the elevated railroad in front thereof. And this damage is accentuated by the method of construction of the said elevated road and the manner of its use.

The suggestion that if no rental damage is awarded, then no fee damage can be allowed, is without merit. It depends very largely upon the use to which the premises may happen to be put for the time being as to whether rental damage is suffered or not. Thus, the lot may be used for a coal yard, and the rental damage because of the existence and operation of the elevated railroad would be nothing. And yet such existence and operation might seriously affect the value of the lot for the purpose of improvement, and, hence, fee damage be suffered.

We think the judgment should be modified by striking out the rental damage and affirmed as to the fee damage and the costs, without costs of appeal.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Judgment modified by striking out rental damage and affirmed as to the fee damage and the costs, without costs of appeal.